UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL BELIKE CLARK #183908,　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　)　　Case No. 2:06-cv-55
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)　　HON. GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　)
SMOOTH MAGAZINE,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　**OPINION**
　　　　　　　Defendant.　　　　　　　)
_____)

This is a civil action brought by a Michigan state prisoner against a citizen of the State of New York pursuant to 28 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff need not pay the initial partial filing fee until funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.  Factual Allegations

Plaintiff Michael Belike Clark filed this *pro se* civil action pursuant to 28 U.S.C. § 1331 against Defendant Smooth Magazine, which is located in New York, New York. Plaintiff alleges that on November 17, 2004, he mailed four money orders to Defendant to pay for a magazine subscription. Plaintiff states that he never received any magazine. On July 21 and November 7 of 2005, Plaintiff sent Defendant letters requesting that he either be sent his magazines, or be issued a refund. Plaintiff's requests were denied by Defendant, who stated that Plaintiff had been mailed all of his magazines. Plaintiff states that Defendant violated his constitutional rights and requests that he be paid $4,000.00.

II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

As noted above, Plaintiff appears to be claiming that Defendant Smooth Magazine breached certain contracts in violation of his constitutional rights. The Court will construe Plaintiff's

claims against Defendant as claims based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. While Plaintiff does not specifically state that his claims against Defendant are based on diversity jurisdiction, the Court presumes this to be the case. In order to prevail on a Section 1983 claim, a plaintiff must establish that a person acting under color of state law deprived him of a right secured by the Constitution or the laws of the United States. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Defendant is not a state actor against whom claims can be asserted under Section 1983. Therefore, the Court notes that Plaintiff's claims against Defendant, which appear to assert a breach of contract, must be based on diversity jurisdiction. In determining whether a plaintiff meets the jurisdictional amount required to sustain diversity jurisdiction under 28 U.S.C. § 1332, a district court should consider the amount alleged in a complaint and should not dismiss a complaint for lack of subject matter jurisdiction "unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Massachusetts Casualty Insurance Company v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996) (citing *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir. 1990)).

It appears from Plaintiff's complaint that the actual monetary losses suffered by Plaintiff amount to $46.80.[1] Thus, in order for Plaintiff's claim to reach the jurisdictional amount, Plaintiff must rely upon a recovery of punitive damages. Where punitive damages are required to satisfy the jurisdictional requirement in a diversity case, the court must determine whether punitive damages are recoverable as a matter of state law. *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996). Furthermore, when determining an amount in controversy, a claim for punitive damages is scrutinized more closely than a claim for actual damages to ensure

---

[1] See ¶ 3 of Plaintiff's complaint.

that Congress' limits on diversity jurisdiction are properly observed. *State of Missouri ex rel Pemiscot County v. Western Surety Co.*, 51 F.3d 170, 173 (8th Cir. 1995).

In Michigan, exemplary damages may be recovered for the breach of a contract only where there has been tortious conduct independent of the breach. *Kewin v. Massachusetts Mutual Life Insurance Co.*, 409 Mich. 401, 419, 295 N.W.2d 50, 55 (1980); *Valentine v. General American Credit*, 123 Mich. App. 521, 525, 332 N.W.2d 591, 593 (1983), *aff'd*, 420 Mich. 256, 362 N.W.2d 628 (1984). However, exemplary damages are allowed only to compensate the plaintiff for "humiliation, sense of outrage, and indignity resulting from injuries maliciously, wilfully and wantonly inflicted by the defendant. *Kewin*, 409 Mich. at 419, 295 N.W.2d at 55 (citing *McFadden v. Tate*, 350 Mich. 84, 89, 85 N.W.2d 181 (1857)). In Michigan, exemplary damages are not awarded as punishment of the defendant. *Kewin*, 409 Mich. at 419, 295 N.W.2d at 55; *Gilroy v. Conway*, 151 Mich. App. 628, 636, 391 N.W.2d 419, 422 (1985). The theory behind this rule is that the reprehensibility of the defendant's conduct in such cases both "intensifies the injury and justifies the award of exemplary damages as compensation for the harm done to the plaintiff's feelings." *Kewin*, 409 Mich. at 419, 295 N.W.2d at 55.

In this case, it does not appear that Plaintiff has alleged such egregious conduct on the part of Defendant to justify the award of punitive damages. Even assuming that Plaintiff in this case has asserted sufficiently tortious conduct in addition to the breach of contract to warrant the imposition of exemplary damages, Plaintiff would have to obtain a punitive damage award roughly 1600 times his actual damages just to satisfy the jurisdictional amount of $75,000.00. Such a punitive damages award would constitute 99.9% of the $75,000.00 necessary for diversity jurisdiction and would no doubt be excessive. *See Anthony*, 75 F.3d at 317-18 (finding no federal diversity jurisdiction where the punitive damage recovery would have to constitutes nearly 95% of

the jurisdictional amount). Therefore, it appears to a legal certainty that Plaintiff could not receive damages exceeding $75,000.00. Thus, jurisdiction over Defendant Smooth Magazine is not proper in federal court. *Anthony*, 75 F.3d at 317-18; *Massachusetts Casualty Insurance Company v. Harmon*, 88 F.3d at 416.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: March 27, 2006  /s/ Gordon J. Quist
　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE